MILLS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 20.    Argued September 15, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 168.)

[13] *See: State v. Dombrowski* (1969), 44 Wis. 2d 486, 499, 171 N. W. 2d 349.

For the plaintiff in error there was a brief and oral argument by *Terrance L. Pitts* of Milwaukee.

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *William A. Platz,* assistant attorney general.

HALLOWS, C. J.   Mills, in the company of one Benjamin Protok, participated in an armed robbery of a drugstore in the city of West Allis. He drove the getaway car and served as a lookout man, keeping watch inside the front door of the drugstore. Prior to trial a *Goodchild* hearing was held to determine whether certain statements, one written and the other oral, made by Mills to West Allis police officer Edward Balistreri were voluntarily made. In the written statement, Mills admitted driving Protok to the vicinity of the drugstore, denied any knowledge of Protok's intention to commit the robbery and asserted he did not leave the car during the holdup. Officer Balistreri testified concerning the obtaining of this statement and to a subsequent conversation he had with Mills wherein Mills expressed the desire to change the written statement to the effect he did get out of the car and enter the drugstore. Officer Balistreri testified

this conversation took place on the same day the written statement was given (December 8, 1968) but admitted several times he might have the date wrong. Mills took the stand during this hearing and confirmed the fact he had a conversation with Balistreri in which he attempted to change his written statement. The trial court held the written and oral statements were voluntarily made.

At the trial, the written and oral statements were admitted in evidence, but Balistreri testified the oral statement was made on December 14, 1968, and identified this conversation as having been begun on the morning Mills was told of the issuance of the warrant; that the conversation was interrupted by lunch and continued in Judge COFFEY'S court in the afternoon; and it was the same day counsel was appointed for Mills. Mills confirmed the conversation took place on the day he first discussed the warrant with Balistreri and this was the day counsel was appointed. Mills now argues the statement of December 14th was a different oral statement than the one ascribed to December 8th and therefore it was error to admit it.

The confusion arises from the fact in the *Goodchild* hearing the oral conversation was referred to as having taken place on December 8th when in fact it was on December 14th. Mills' argument that the inculpatory oral statement of December 14th cannot be used in evidence against him because the state failed to bring it out in the *Goodchild* hearing is specious. While there is some confusion, there is little doubt the oral statement made by Mills that he left the car and entered the drugstore during the robbery was voluntarily made by him and although in fact made on December 14th was the subject of the *Goodchild* hearing under the possible identification that it was made on December 8th.

No one was misled by ascribing the wrong calendar date to the oral statement which Mills admits he made.

The exact date is not so important as the fact the statement offered and found voluntary by the trial court was the statement made on the day Officer Balistreri talked to Mills in the morning about the warrant, the day the conversation was interrupted for lunch and the day counsel was appointed for Mills.

All the other legal issues raised, while of some academic interest, rest on the proposition the oral statement was not admissible and fall for lack of a factual basis.

*By the Court.*—Order affirmed.